IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

Division ____

LISA PRATT,
171 Topaz
Ozark, Missouri, 65721
SSN: XXX-XX-9800                                )
                                                )
        Plaintiff,                              )
                                                )
vs.                                             )    Case No. _____
                                                )
MERCY HOSPITAL                                  )
Served through Service Agent:                   )
Michael Merrigan                                )
1235 East Cherokee                              )
Springfield, Missouri, 65804                    )
                                                )
        Defendant.                              )

*F I L E D*
*CIRCUIT CLERK*
*GREENE COUNTY*
*4/25/13*

## PETITION

COMES NOW the Plaintiff, Lisa Pratt, by and through her Attorney of Record, Ron Cleek, and the Plaintiff would state the following:

## GENERAL ALLEGATIONS

1. Plaintiff is citizen of the state of Missouri and the United States of America, and her residence is located at 171 Topaz, Ozark, Christian County, Missouri.

2. Defendant, Mercy Hospital, is a Non-Profit Domestic Corporation that can be served via its service agent, Michael Merrigan, 1235 East Cherokee, Springfield, Missouri, 65804.

3. Plaintiff was employed by Defendant and the Plaintiff was assigned to the Emergency Room Area.

4. Plaintiff did an excellent job throughout her tenure as an employee of Mercy Hospital.

**EXHIBIT**

A

5. Plaintiff received no/zero written reprimands, counseling or writings or write ups alleging any failure of performance of the duties of her position until such time that the Defendant wanted to fire the Plaintiff.

6. Plaintiff voiced her opposition to the position of those in leadership when the supervisor wanted her to go to some special counseling sessions, a neurologist, and take associated tests due to a previous Brain Tumor that the Plaintiff encountered during the early 1991.

7. In fact, the management continued to refer to the brain tumor as if it was diagnosed and treated after the 2000 year but not later than the 2009 year.

8. Further, the Defendant's employees accused the Plaintiff of falsifying records that would show that the Plaintiff had performed the work of others, but this was untrue.

9. Also, the remainder of the staff working in the Emergency Room area where the Plaintiff worked knew of the Brain Tumor and issues associated with that.

10. When the Plaintiff did not want to continue counseling, which was in agreement with the counselor that Plaintiff was being sent to, the supervisor(s) of the Plaintiff began writing her up for the first time.

11. The Plaintiff is a brain tumor survivor, but no accommodation was made for her and her disability.

12. Not only was the disability of a brain tumor survivor not taken into consideration and accommodations made for the Plaintiff, but the Plaintiff was intimidated and harassed by management of Defendant by letting the other employees know of a private medical condition.

13. The Plaintiff also received one write-up for a no-call no-show when she went into work for the Defendant, clocked in and she was then told that she was not needed and could go home.

14. Also, the Plaintiff was injured on the job, and not long after she reported her injury, the Plaintiff was terminated from her employment on the 29th day of March, 2012.

15. The Plaintiff was also told to grow a back bone by a supervisor by the name of Wendy after the injury on the job was reported.

16. One contributing factor by the Defendant was that the Defendant used the 1991 brain tumor stating that the Plaintiff could not "understand/comprehend the situations surrounding Worker's Compensation.

17. Another contributing factor was a no call - no show write up when the Plaintiff clearly came to work, clocked in and then told to go home by the supervisors of the Defendant.

18. A final contributing fact involved the actions of intimidation by the supervisors of the Defendant that said the Plaintiff had falsified internal documents claiming that Plaintiff had performed work of others.

## COUNT I – DISABILITY

**COMES NOW** Plaintiff and for Count I, states:

19. Incorporate herein the General Allegations.

20. Plaintiff was an 'employee' within the meaning of § 213 RSMo *et seq*

21. Defendant is an 'employer' within the meaning of § 213 RSMo *et seq.*

22. With respect to the unlawful employment practices, a Charge of Discrimination for a Disability was filed with the Missouri Commission of Human Rights ('MCHR'), as well

as a charged filed against the Defendant under the American's Disability Act. Attached hereto Exhibit A is a true and accurate copy of the Charge Disability made part hereof by reference as to the facts set forth therein.

23. Said Charge of Disability was filed with the MCHR within 180 days of the most recent unlawful employment practices alleged, and more than 60 days prior to the commencement of this action.

24. The same Charge of Disability was filed with the EEOC within 180 days of the most recent unlawful employment practices alleged, and more than 60 days prior to the commencement of this action.

25. With respect to the Charge of Disability, Plaintiff was issued a Right to Sue letter by the MCHR, and a Right to Sue letter by the EEOC, informing her of her right to pursue independent legal action and this action is filed in a timely manner wthin 90 days of receipt of the Right to Sue. Attached hereto Exhibit B and C are the true and accurate copies of the Right to Sue.

26. Defendants engaged in unlawful employment practices, as set forth herein, against Plaintiff in violation of Chapter 213 RSMo., *et seq* in that Plaintiff was subject to discrimination due to her disability of a Brain Tumor, in her opposition to unlawful conduct as a contributing factor to her termination.

27. Defendant's actions, as set forth herein, were discriminatory, continuous, arbitrary and capricious and Defendant knew such actions were unlawful. The actions of Defendants were intentional, willful and calculated toward Plaintiff and constituted willful violations of Chapter 213 RSMo., *et seq.*

28. Plaintiff has been monetarily damaged by Defendant's unlawful practices in violation of Chapter 213 RSMo., *et seq.*, and has also suffered physical and mental pain, anguish and distress.

WHEREFORE, Plaintiff prays the Court:

 A. Adjudge and decree that Defendant discriminated due to disability against Plaintiff, and that said actions by Defendant were willful violations of the Act;

 B. Order Defendant to make Plaintiff whole for the loss of income she has suffered as a result of Defendant's unlawful employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, Social Security contributions, front pay, and all other monetary compensation, including prejudgment interest, for injuries and damages suffered by Plaintiff;

 C. Award Plaintiff attorney's fees, costs and all other relief afforded under Chapter 213 RSMo., *et seq.,* and;

 D. For all other relief the Court deems just and proper.

## COUNT II - DISCRIMINATION/RETALIATION

COMES NOW Plaintiff and for Count II, states:

29. Incorporate herein the General Allegations.

30. Plaintiff was an 'employee' within the meaning of § 213 RSMo *et seq*

31. Defendant is an 'employer' within the meaning of § 213 RSMo *et seq.*

32. With respect to the unlawful employment practices, a Charge of Discrimination/Intimidation was filed with the Missouri Commission of Human Rights

('MCHR') as well with the EEOC. Attached hereto Exhibit A is a true and accurate copy of the Charge of Discrimination as well as other Charges made part hereof by reference as to the facts set forth therein.

33. Said Charge of Discrimination/Intimidation was filed with the MCHR and the EEOC within 180 days of the most recent unlawful employment practices alleged, and more than 60 days prior to the commencement of this action.

34. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the MCHR, along with a Right to Sue under the EEOC, informing her of her right to pursue independent legal action and this action is filed in a timely manner wthin 90 days of receipt of the Right to Sue. Attached hereto Exhibits B and C are a true and accurate copy of the Right to Sue.

35. Defendants engaged in unlawful employment practices, as set forth herein, against Plaintiff in violation of Chapter 213 RSMo., *et seq* in that Plaintiff was subject to retaliation and discrimination in her opposition to unlawful conduct as a contributing factor to his termination.

36. Defendants' actions, as set forth herein, were discriminatory, continuous, arbitrary and capricious and Defendants knew such actions were unlawful. The actions of Defendants were intentional, willful and calculated toward Plaintiff and constituted willful violations of Chapter 213 RSMo., *et seq.*

37. Plaintiff has been monetarily damaged by Defendant's unlawful practices in violation of Chapter 213 RSMo., *et seq.,* and has also suffered physical and mental pain, anguish and distress.

**WHEREFORE**, Plaintiff prays the Court:

E. Adjudge and decree that Defendant's discriminated/retaliated against Plaintiff, and that said actions by Defendant was willful violations of the Act;

F. Order Defendant to make Plaintiff whole for the loss of income she has suffered as a result of Defendant's unlawful employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, Social Security contributions, front pay, and all other monetary compensation, including prejudgment interest, for injuries and damages suffered by Plaintiff;

G. Award Plaintiff attorney's fees, costs and all other relief afforded under Chapter 213 RSMo., *et seq.,* and;

H. For all other relief the Court deems just and proper.

Ron Cleek #35069
202 E. Elm, Suite D
Ozark, Missouri  65721
(417) 485-3436
(417) 485-3332
ronlaw@roncleek.com

ATTORNEY FOR PLAINTIFF

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

**1. Personal Information**

Last Name: Pratt     First Name: Lisa     MI: P

Street or Mailing Address: 171 Topaz     Apt or Unit #: ____

City: Ozark     County: Christian     State: Mo.     Zip: 65721

Phone Numbers: Home: (417) 443-6950     Work: ( )

Cell: (417) 569-9388     Email Address: Lisalisausa at yahoo.com

Date of Birth: 9-22-69     Sex: ☐ Male ☑ Female     Do You Have a Disability? ☑ Yes ☐ No

Please answer each of the next three questions.     i. Are you Hispanic or Latino? ☐ Yes ☑ No

ii. What is your Race?   Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☑ White
☐ Black or African American ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? White (USA) AMERICAN

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:

Name: Gayla Reynolds     Relationship: Friend

Address: 171 Topaz     City: Ozark     State: Mo. Zip Code: 65721

Home Phone: (417) 443-6950     Other Phone: (417) 379-7867

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☑ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify) MERCY Hospital

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) If more than one employer is involved, attach additional sheets.

Organization Name: MERCY HOSPITAL

Address: 1235 E. Cherokee     County: Greene

City: Springfield     State: Mo Zip:     Phone: (417) 885-2000

Type of Business: Hospital     Job Location if different from Org. Address: Same

Human Resources Director or Owner Name: COURTNEY WILSON MERCY Hospital ?     Phone: (417) 885-2000

Number of Employees in the Organization at All Locations: Please Check (✓) One

☐ Fewer Than 15   ☐ 15 – 100   ☐ 101 – 200   ☐ 201 – 500   ☑ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☑ No

Date Hired: May 22nd 2011     Job Title At Hire: Emergency Room Tech

Pay Rate When Hired: $8.35     Last or Current Pay Rate: $8.38

Job Title at Time of Alleged Discrimination: E.R. TECH     Date Quit/Discharged: March 29th 2012

Name and Title of Immediate Supervisor: TED SHOCKLEY E.R. Director

If Job Applicant, Date You Applied for Job ____     Job Title Applied For

EXHIBIT
A

Race. *If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race ☐ Sex ☐ Age ☑ Disability ☐ National Origin ☐ Religion ☑ Retaliation ☐ Pregnancy ☐ Color (typically a difference in skin shade within the same race) ☑ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing ii. family medical history iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _____

If you checked genetic information, how did the employer obtain the genetic information? _I was forced to go to Counseling for what they Claimed as a cognitive disability._

Other reason (basis) for discrimination (Explain): _Discrimination of a Brain Tumor I had in 1991._

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: _03/26/12_ Action: _I went to Linda White, was made to go. She stated Ted Shockley wanted me to see Neuropsychologist. I told her No I would not be punished anymore for having a brain tumor 20 years ago._
Name and Title of Person(s) Responsible: _TED SHOCKLEY_

B. Date: _03/29/12_ Action: _I was Called into Steve Kemp the Vice President of Mercy with Ted Shockley and fired because I would not go to a Neuropsychologist and Linda White tried to discharge me._
Name and Title of Person(s) Responsible _STEVE KEMP_

**6. Why do you believe these actions were discriminatory?** Please attach additional pages if needed.
_I was fired because they found out I had a brain tumor. I had no problems until Jan 10th 2012 when I hurt my neck then after that I was discriminated against._

**7. What reason(s) were given to you for the acts you consider discriminatory?** By whom? His or Her Job Title? _TED SHOCKLEY DIRECTOR OF_
_For them I attended the counciling for what they claimed where cognive issue The Councelor Linda White told them that I passed my sessions I had no track problems. At this point they didn't like her answers, Final report and insisted neuro_

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. _N/A_ | | | |
| B. _____ | | | |

2

A. _____ N/A _____

B. _____

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |

A. _____ N/A _____

B. _____

Answer questions 9–12 <u>only</u> if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
 - ☑ Yes, I have a disability
 - ☐ I do not have a disability now but I did have one
 - ☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

They said it was for my cognitive learning, But I feel they used it to fire me. No it does not limit me from lifting, sleeping etc....

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
 ☐ Yes ☑ No
If "Yes," what medication, medical equipment or other assistance do you use?

_____

_____

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
 ☑ Yes ☑ No · I asked to be transfered to another department after they found out about my brain tumor but they would not transfer me.
If "Yes," when did you ask? Jan 2012 ? How did you ask (verbally or in writing)? writing HR transfer papers
Who did you ask? (Provide full name and job title of person) I asked to transfer to the same
Ted Shockley, I asked blood gases, I asked Phlebotomy, E.M.T.
Describe the changes or assistance that you asked for: I asked to be transfered because
Ted Shockley was judging me because he found out I had a
brain tumor 20 years before.
How did your employer respond to your request? I didn't get to transfer. Was sent
to a Counselor to determine my cognitive learning skills.

3

| Full Name | Job Title | Address & Phone Number | What do you believe this person will... |
|-----------|-----------|------------------------|------------------------------------------|
| A. Gayla Reynolds R.N. | 171 TOPAZ OZARK, MO. 65721 (417-379-7867) | That I am qualified to do my job. And do it well. |
| B. Gary Roberts E.V.S. | 417-414-5240 | That I was good with my patients, I did my work. |

14. Have you filed a charge previously on this matter with the EEOC or another agency?  ☐ Yes  ☒ No

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: _____

16. Have you sought help about this situation from a union, an attorney, or any other source?  ☐ Yes  ☒ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2 ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Lisa Pruitt_                                     _April 16th 2012_
Signature                                          Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information. .

4



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
## MISSOURI COMMISSION ON HUMAN RIGHTS


MCHR

JEREMIAH W. (JAY) NIXON
GOVERNOR

LAWRENCE G. REBMAN
DEPARTMENT DIRECTOR

MICHAEL DIERKES
ACTING COMMISSION CHAIRPERSON

ALISA WARREN PH.D.
EXECUTIVE DIRECTOR

Lisa Pratt
171 Topaz
Ozark, MO 65721



RECEIVED
MAR 0 4 2013

FE-5/12-17629
Administrative User Records

RE:  Pratt vs. Mercy Hospital
     FE-5/12-17629   560-2012-01241

FE-5/12-17629

This is your **NOTICE OF RIGHT TO SUE** pursuant to the Missouri Human Rights Act.

Pursuant to the Missouri Human Rights Act (MHRA), your complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). The MCHR has been informed that the EEOC has completed its processing of your complaint and issued a notice of your right to sue. Based on a review of EEOC's investigation summary, the MCHR has decided to adopt the EEOC's findings, terminate its proceedings in this case and issue this notice of your right to sue on your claims under the MHRA.

You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. Such an action may be brought in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the MCHR shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice under this section relating to the same practice or act. As noted above, any action brought in court under this section must be filed within 90 days from the date of this letter and, in addition, any such case must be filed <u>no later than two years after the alleged cause occurred</u> or your reasonable discovery of the alleged cause. **IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE, YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue. This notice of right to sue has no effect on the suit-filing period of any federal claims.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

Respectfully,

Alisa Warren Ph.D.
Executive Director

Mercy Hospital
Michael Merrigan
1235 E. Cherokee
Springfield, MO 65804



February 26, 2013
Date

☒ 3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ 111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ P.O. BOX 1300
OZARK, MO 65721-1300
FAX: 417-485-6024

☐ 1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

☐ 106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

Relay Missouri:  800-735-2966
www.labor.mo.gov/mohumanrights    mchr@labor.mo.gov

**1331–CC00574**

## U. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Lisa Pratt<br>171 Topaz<br>Ozark, MO 65721 | From: **St. Louis District Office**<br>**Robert A. Young Bldg**<br>**1222 Spruce St, Rm 8.100**<br>**Saint Louis, MO 63103** |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **560-2012-01241** | **Cynthia S. Basile,**<br>**Senior Investigator** | **(314) 539-7907** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Cynthia Basile*

*for*    **James R. Neely, Jr.,**
**District Director**

JAN 25 2013

*(Date Mailed)*

Enclosures(s)

cc:   **Michael Merrigan**
**General Counsel**
**MERCY HOSPITAL**
**1235 E. Cherokee**
**Springfield, MO 65804**

**EXHIBIT**
**C**

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | PERFECTED <br> 560-2012-01241 |

| Missouri Commission On Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Lisa Pratt** | **(417) 569-9388** | **09-22-1969** |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| **171 Topaz, Ozark, MO 65721** | | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **MERCY HOSPITAL** | **500 or More** | **(417) 885-2000** |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| **1235 E. Cherokee, Springfield, MO 65804** | | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| | | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest — Latest |

| ☐ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN | Earliest: **01-01-2012** |
|---|---|---|---|---|---|
| ☒ RETALIATION | ☐ AGE | ☒ DISABILITY | | ☐ GENETIC INFORMATION | Latest: **03-29-2012** |
| ☐ OTHER *(Specify)* | | | | ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

1. I was hired by the above refernced employer on May 22, 2011. My position was Emergency Room Technician earning $8.38/hour. My direct supervisor was Ted Shockley, Emergency Room Director, and his supervisor was Steve Kemp, Vice President. I injured myself at work on January 9, 2012. (1-10-12) After receiving medical information for my workman's compensation claim, Respondent became aware of a disability I had in the past. I was called "stupid" and "dumb" by co-workers and supervisors. I was made to attend EAP sessions. Despite the EAP Representative's evaluation, Mr. Shockley insisted that I be seen by a specialist. On about March 15, 2012, I complained of harassment to Courtney Wilson, Human Resources, and requested a transfer to another department. I was denied a transfer. I subsequently received disciplinary actions that resulted in my termination on March 29, 2012.

2. I was informed by Mr. Shockley on March 29, 2012, that I was being terminated because I refused to see a specialist.

3. I believe that I have been discriminated against due a disability in violation of the Americans with Disabilites Act in that I was harrased by co-workers and supervisors, complained of the harrassment, and was subsequently disciplined and discharged in retaliation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| 3-14-12 *Date* — *Lisa Pratt* *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI
Division

| | |
|---|---|
| LISA PRATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs | )     Case No. 1331-CC00574 |
| | ) |
| MERCY HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

### FIRST AMENDED PETITION

COMES NOW the Plaintiff, Lisa Pratt, by and through her Attorney of Record, Ron
Cleek, and the Plaintiff would the state the following:

### GENERAL ALLEGATIONS

1. Plaintiff is a citizen of the State of Missouri and a citizen of the United States of America.

2. That Defendant Mercy Hospital, formally known as St. John's Hospital, is a Non-Profit
   Domestic Corporation that can be served via its service agent, Michael Merrigan, 1235
   East Cherokee, Springfield, Missouri, 65804.

3. Plaintiff was employed by Defendant and the Plaintiff was assigned to the Emergency
   Room Area.

4. That Plaintiff did a good job throughout her tenure as an employee of Mercy Hospital.

5. That Plaintiff received no/zero written reprimands, counseling or writings or write ups
   alleging any failure of performance of the duties of her position until such time that the
   Defendant and/or the employees of Defendant wanted to fire the Plaintiff.

6. Plaintiff voiced her opposition to the position of those in leadership when the supervisor
   wanted the Plaintiff to go to some special counseling sessions, a neurologist, and take

associated tests due to a previous Brain Tumor that the Plaintiff encountered during the early part of 1991.

7. In fact, the management continued to refer to the brain tumor as if it was diagnosed and treated after 2000, but not later than the year of 2009.

8. Further, the Defendant's employees accused the Plaintiff of falsifying records that would show that the Plaintiff had performed the work of others, but this was untrue.

9. Also, the remainder of the staff working in the Emergency Room area where the Plaintiff worked knew about the Brain Tumor and issues associated with the Brain Tumor from 1991, and the Plaintiff did not tell any of the staff about the tumor.

10. When the Plaintiff expressed her desire to stop counseling, which was in agreement with the counselor that Plaintiff was being sent to, the supervisor(s) of the Plaintiff began writing her up for the first time.

11. The Plaintiff is a brain tumor survivor, but no accommodation was being made for her and her disability.

12. Not only was the disability of a brain tumor survivor not taken into consideration and accommodations made for the Plaintiff, but the Plaintiff was intimidated and harassed by management of Defendant by letting the other employees know of a private medical condition.

13. That the Plaintiff also received one write-up for a no-call, no-show day when the Plaintiff did go into work for the Defendant, clocked in, and she was then told that she was not needed and that she could go home.

14. Also the Plaintiff was injured on the job, and not long after she reported her injury, the Plaintiff was terminated from her employment on the 29th day of March, 2012.

Electronically Filed - Greene - October 08, 2013 - 05:11 PM GMT+00:00

15. That the Plaintiff was also told to grow a back bone by one particular supervisor by the name of Wendy after the injury was reported.

16. One contributing factor by the Defendant was that the Defendant used the 1991 brain tumor stating that the Plaintiff could not "understand/comprehend the situations surrounding Worker's Compensation once the injury was reported.

17. Another contributing factor was a no call – no show write up when the Plaintiff clearly came to work, clocked in, and then told to go home by the supervisors of the Defendant.

18. A final contributing fact involved the actions of intimidation by the supervisors of the Defendant when those supervisors said that the Plaintiff had falsified internal documents claiming that the Plaintiff had performed work that others had performed.

**COUNT I**
**DISABILITY UNDER FEDERAL STATUTE**

COMES NOW the Plaintiff for this her Count I, and would state in the following:

19. That the Plaintiff would re-allege and re-assert all allegations and facts found within paragraphs 1-18.

20. With respect to the unlawful employment practices, a Charge of Discrimination was filed with the Missouri Commission of Human Rights (MCHR). Attached hereto is Exhibit A, which is a true and accurate copy of the Charge of Discrimination, and made a part hereof by reference as to the facts, set forth therein.

21. Said Charge of Discrimination was filed with the MCHR within 180 days of the most recent unlawful employment practices alleged, and more than 60 days prior to the commencement of this action.

22. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the MCHR, informing him of his right to pursue independent legal action and this action

was filed in a timely manner within 90 days of receipt of the Right to Sue. Attached hereto is Exhibit B, which is a true and accurate copy of the Right to Sue, and said exhibit is incorporated herein by referenced.

23. Further, that Plaintiff was an employee within the meaning of the Americans with Disabilities Act (ADA) under Title 42 Chapter 126 et seq.

24. Also that the Defendant is an employer within the meaning of the ADA as described in the Americans with Disabilities Act (ADA) under Title 42 Chapter 126 et seq.

25. With respect to the unlawful employment practices, a Charge of Discrimination was filed with the U.S. Equal Employment Opportunity Commission (EEOC). Attached hereto is Exhibit C, which is a true and accurate copy of the Charge of Discrimination with the right to sue spelled out for the Plaintiff, and made part hereof by reference as to the facts set forth therein.

26. Said Charge of Discrimination was filed with the EEOC within 180 days of the most recent unlawful employment practices alleged, and more than 60 days prior to the commencement of this action.

27. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the EEOC, informing her of her right to pursue independent legal action and this action was filed in a timely manner in State Court within 90 days of receipt of the Right to Sue as a state cause of action. Attached hereto is Exhibit D, which is a true and accurate copy of the Right to Sue, and Plaintiff would incorporate herein by referenced as if stated in total in this paragraph.

28. That Defendant engaged in unlawful employment practices, as set forth herein, against Plaintiff in violation of the ADA, in that Plaintiff was subject to disability discrimination

in that Plaintiff was subject discrimination due to her disability of a Brain Tumor, in her opposition to unlawful conduct as a contributing factor to her termination.

29. That Defendant's actions, as set forth herein, were discriminatory, continuous, arbitrary, and capricious and Defendant knew such actions were unlawful. The actions of Defendant were intentional, willful and calculated toward Plaintiff and constituted will violations of the ADA.

30. That Plaintiff has been monetarily damaged by Defendant's unlawful practices in violation of the ADA, and has also suffered physical and mental pain, anguish and distress.

WHEREFORE, Plaintiff prays the Court:

A. Adjudge and decree that the Defendant discriminated due to disability against Plaintiff, and that said actions by Defendant were willful violations of the Act;

B. Order Defendant to make Plaintiff whole for the loss of income she has suffered as a result of Defendant's unlawful employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, Social Security contributions, front pay, and all other monetary compensation, including prejudgment interest, for injuries and damages suffered by Plaintiff;

C. Award Plaintiff attorney's fees, costs and all other relief afforded under the Americans with Disability Act, *et seq.*, and

D. For all other relief that this Honorable Court deems just and proper.

## COUNT II
## DISCRIMINATION/RETALIATION

COMES NOW the Plaintiff, by and through her Attorney of Record, Ron Cleek, and would state as Count II, the following:

31. That the Plaintiff would incorporate and re-allege all facts and allegations found within paragraphs 1-31.

32. That with respect to unlawful employment practices; a Charge of Discrimination/Intimidation was filed with the Missouri Commission of Human Rights (MCHR) as well as with the EEOC. Attached hereto is Exhibit A, which is a true and accurate copy of the Charge of Discrimination as well as other charges made apart hereof by reference as the facts set forth therein.

33. Said Charge of Discrimination/Intimidation was filed with the MCHR as well as the Equal Employment Opportunity Commission (EEOC) within 180 days of the most recent unlawful employment practices alleged, and more than 60 days prior to the commencement of this action.

34. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the MCHR, along with the Right to Sue under the EEOC, informing her of her right to pursue independent legal action and this action is filed in a timely manner within 90 days of the Right to Sue letter. Attached hereto and incorporated by reference are Exhibits B and D.

35. That Defendant engaged in unlawful employment practices, as set forth herein, against Plaintiff in violation of Title 42 Chapter 126 of the USC *et seq.*, in that Plaintiff was subject to retaliation and discrimination in her opposition to unlawful conduct as a contributing fact to her termination.

Electronically Filed - Greene - October 08, 2013 - 05:11 PM GMT+00:00

36. Defendant's actions as set forth herein, were discriminatory, continuous, arbitrary, and capricious and Defendant knew such actions were unlawful. The actions of Defendant were intentional, willful and calculated toward Plaintiff and constituted willful violations of Title 42 Chapter 126, *et seq.*

37. Plaintiff has been monetarily damaged by Defendant's unlawful practices in violation of Title 42 Chapter 126, *et seq.*

WHEREFORE, Plaintiff prays that this Honorable Court:

E. Adjudge and decree that Defendant's discriminated/retaliated against Plaintiff, and that said actions of Defendant was willful violations of the referenced acts;

F. Order Defendant to make Plaintiff whole for the loss of income she has suffered as a result of Defendant's unlawful employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, Social Security contributions, front pay, and all other monetary compensation including prejudgment interest, for injuries and damages suffered by Plaintiff;

G. Award Plaintiff's Attorney's fees, costs and all other relief afforded under the acts referenced herein, and;

H. For all other relief that this Court deems just and proper.

Ron Cleek #35069
202 E. Elm, Suite D
Ozark, Missouri 65721
(417) 942-3232
(417) 485-3332 (fax)
ronlaw@roncleek.com
**ATTORNEY FOR THE PLAINTIFF**

## CERTIFICATE OF SERVICE

That I certify that on this the 8th day of October, 2013, the above stated 1st Amended Complaint was electronically filed with the Court using the CV/ECF system which would therefore send notification of such filing to the following: Amanda D. Cochran 910 E. St. Louis Street, Suite 100, Springfield, Missouri 65806.

_____
Ron Cleek

Electronically Filed - Greene - October 08, 2013 - 05:11 PM GMT+00:00

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

**1. Personal Information**

Last Name: _Pratt_   First Name: _Lisa_   MI: _P_

Street or Mailing Address: _171 Topaz_   Apt or Unit #: _____

City: _Ozark_   County: _Christian_   State: _Mo._   Zip: _65721_

Phone Numbers: Home: (_417_) _443-6950_   Work: (___) _____

Cell: (_417_) ~~569-9388~~   Email Address: _LisaLisa.usa at yahoo.com_

Date of Birth: _9-22-69_   Sex: ☐ Male ☒ Female   Do You Have a Disability? ☒ Yes ☐ No

Please answer each of the next three questions.   i. Are you Hispanic or Latino? ☐ Yes ☒ No

ii. What is your Race?   Please choose all that apply. ☐ American Indian or Alaskan Native   ☐ Asian   ☒ White
☐ Black or African American   ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? _white (USA) American_

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:

Name: _Gayla Reynolds_   Relationship: _Friend_

Address: _171 Topaz_   City: _Ozark_   State: _Mo._   Zip Code: _65721_

Home Phone: (_417_) _443-6950_   Other Phone: (_417_) _379-7867_

**2. I believe that I was discriminated against by the following organization(s): (Check those that apply)**

☒ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify) _MERCY Hospital_

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) If more than one employer is involved, attach additional sheets.

Organization Name: _MERCY HOSPITAL_   County: _Greene_

Address: _1235 E. Cherokee_

City: _Springfield_   State: _Mo._ Zip: _____   Phone: (_417_) _885-2000_

Type of Business: _Hospital_   Job Location if different from Org. Address: _Same_

Human Resources Director or Owner Name: _COURTNEY WILSON MERCY Hospital ?_   Phone: (_417_) _885-2000_

Number of Employees in the Organization at All Locations: Please Check (✓) One

☐ Fewer Than 15   ☐ 15 – 100   ☐ 101 – 200   ☐ 201 – 500   ☒ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☒ No

Date Hired: _May 22ⁿᵈ 2011_   Job Title At Hire: _Emergency Room Tech_

Pay Rate When Hired: _$8.75_   Last or Current Pay Rate: _$8.33_

Job Title at Time of Alleged Discrimination: _E.R. TECH_   Date Quit/Discharged: _March 29th 2012_

Name and Title of Immediate Supervisor: _TBA SHockley E.R. Director_

If Job Applicant, Date You Applied for Job _____   Job Title Applied For _____

EXHIBIT
A

Race. *If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race ☐ Sex ☐ Age ☑ Disability ☐ National Origin ☐ Religion ☑ Retaliation ☐ Pregnancy ☐ Color (typically a difference in skin shade within the same race) ☑ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify:_____

If you checked genetic information, how did the employer obtain the genetic information? _I was forced to go_
_to counseling for ~~what~~ what they claimed as a cognitive disability._

Other reason (basis) for discrimination (Explain): _Discrimination of a Brain Tumor I had in 1991._

5. What happened to you that you believe was discriminatory? Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed. *(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: _~~02~~ 03/26/12_   Action: _I went to Linda White, was made to go. She stated_
_Ted Shockley wanted me to see Neuropsychologist. I told her No I would not be_
_punished anymore for having a brain tumor 20 years ago._
Name and Title of Person(s) Responsible: _TED SHOCKLEY_

B. Date: _~~02~~ 03/29/12_   Action: _I was called into Steve Kemp the Vice President of Mercy_
_with Ted Shockley and fired because I would not go to a Neuropsychologist and_
~~Linda White said I pass a fiscal fiscal testing~~
Name and Title of Person(s) Responsible _~~Ted~~ STEVE KEMP_

6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.

_I was fired because they found out I had a brain tumor. I had no_
_problems until Jan 10th 2012 when I hurt my neck then after that_
~~I was discriminated against.~~

7. What reason(s) were given to you for the acts you consider discriminatory? By whom? His or Her Job Title? _TED SHOCKLEY_
_For them I attended the counseling for ~~what~~ what they claimed where cognitive issue_
_The Counselor Linda White told them that I passed my sessions I had no tract_
~~problems. At this point they didn't like her answer. Final report and insisted neuro___~~

8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. _N/A_ | | | |
| B. | | | |

A. _____ N/M _____

B. _____

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. _____ N/A _____

B. _____

Answer questions 9-12 only if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
- ☑ Yes, I have a disability
- ☐ I do not have a disability now but I did have one
- ☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).
They said it was for my cognitive learning. But I feel they used it to fire me. Tho it does not limit me from lifting, sleeping etc....

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
☐ Yes ☑ No
If "Yes," what medication, medical equipment or other assistance do you use? _____

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
☑ Yes ☑ No . I asked to be transferred to another department after they found out about my brain tumor but they would not transfer me.
If "Yes," when did you ask? Jan 2012 ? How did you ask (verbally or in writing)? writing hr transfer papers
Who did you ask? (Provide full name and job title of person) I asked the
Ted Shockley, I asked blood gases. I asked Phlebotomy, E.M.T. ?
Describe the changes or assistance that you asked for: I asked to be transferred because
Ted Shockley was judging me because he found out I had a
brain tumor 20 years before.
How did your employer respond to your request? I didn't get to transfer. Was sent
to a Counselor to determine my cognitive learning skills.

3

Electronically Filed - Greene - October 08, 2013 - 05:11 PM GMT+00:00

| Full Name | Job Title | Address & Phone Number | What do you believe this person will say |
|-----------|-----------|------------------------|------------------------------------------|
| A. Gayla Reynolds | R.N. | 171 Topaz, Ozark, Mo. 65721 (417-379-7867) | That I am qualified to do my job. and do it well. |
| B. Gay Roberts | E.V.S. | 417-414-5240 | That I was good with my patients, I did my work. |

14. Have you filed a charge previously on this matter with the EEOC or another agency?  ☐ Yes  ☒ No

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: _____

_____

16. Have you sought help about this situation from a union, an attorney, or any other source?  ☐ Yes  ☒ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

_____

_____

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1  ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2  ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Lisa Pruitt_
Signature

_April 16th 2012_
Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

4

Electronically Filed - Greene - October 08, 2013 - 05:11 PM GMT+00:00



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS




JEREMIAH W. (JAY) NIXON
GOVERNOR

LAWRENCE G. REBMAN
DEPARTMENT DIRECTOR

MICHAEL DERKES
ACTING COMMISSION CHAIRPERSON

ALISA WARREN Ph.D.
EXECUTIVE DIRECTOR

FE-5/12-17629
Administrative Law/Records

Lisa Pratt
171 Topaz
Ozark, MO 65721



RE:   Pratt vs. Mercy Hospital
FE-5/12-17629    560-2012-01241

This is your **NOTICE OF RIGHT TO SUE** pursuant to the Missouri Human Rights Act.

Pursuant to the Missouri Human Rights Act (MHRA), your complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). The MCHR has been informed that the EEOC has completed its processing of your complaint and issued a notice of your right to sue. Based on a review of EEOC's investigation summary, the MCHR has decided to adopt the EEOC's findings, terminate its proceedings in this case and issue this notice of your right to sue on your claims under the MHRA.

You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. Such an action may be brought in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the MCHR shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice under this section relating to the same practice or act. As noted above, any action brought in court under this section must be filed within 90 days from the date of this letter and, in addition, any such case must be filed **no later than two years after the alleged cause occurred** or your reasonable discovery of the alleged cause. **IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE, YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue. This notice of right to sue has no effect on the suit-filing period of any federal claims.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

Respectfully,

Alisa Warren Ph.D.
Executive Director



EXHIBIT
B

February 26, 2013
Date

Mercy Hospital
Michael Merrigan
1235 E. Cherokee
Springfield, MO 65804

| ☒ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|
| 3315 W. TRUMAN BLVD.<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | 111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | P.O. BOX 1300<br>OZARK, MO 65721-1300<br>FAX: 417-485-6024 | 1410 GENESSEE, SUITE 260<br>KANSAS CITY, MO 64102<br>FAX: 816-559-3592 | 106 ARTHUR STREET<br>SUITE D<br>SIKESTON, MO 63901-5454<br>FAX: 573-472-5321 |

www.labor.mo.gov/mohumanrights    mchr@labor.mo.gov



EXHIBIT
C

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Electronically Filed - Greene - October 08, 2013 - 05:11 PM GMT+00:00

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | PERFECTED |
| ☒ EEOC | 560-2012-01241 |

**Missouri Commission On Human Rights** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Lisa Pratt | (417) 569-9388 | 09-22-1969 |

| Street Address | City, State and ZIP Code |
|---|---|
| 171 Topaz, Ozark, MO 65721 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (if more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MERCY HOSPITAL | 500 or More | (417) 885-2000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1235 E. Cherokee, Springfield, MO 65804 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-01-2012  Latest: 03-29-2012
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. I was hired by the above refernced employer on May 22, 2011. My position was Emergency Room Technician earning $8.38/hour. My direct supervisor was Ted Shockley, Emergency Room Director, and his supervisor was Steve Kemp, Vice President. I injured myself at work on January 9, 2012. After receiving medical information for my workman's compensation claim, Respondent became aware of a disability I had in the past. I was called "stupid" and "dumb" by co-workers and supervisors. I was made to attend EAP sessions. Despite the EAP Representative's evaluation, Mr. Shockley insisted that I be seen by a specialist. On about March 15, 2012, I complained of harassment to Courtney Wilson, Human Resources, and requested a transfer to another department. I was denied a transfer. I subsequently received disciplinary actions that resulted in my termination on March 29, 2012.

2. I was informed by Mr. Shockley on March 29, 2012, that I was being terminated because I refused to see a specialist.

3. I believe that I have been discriminated against due a disability in violation of the Americans with Disabilites Act in that I was harrased by co-workers and supervisors, complained of the harrassment, and was subsequently disciplined and discharged in retaliation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 3-14-12 / Lisa Pratt<br>Date / Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

## U. EQUAL EMPLOYMENT OPPORTUNITY  ...MISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

Electronically Filed - Greene - October 08, 2013 - 05:11 PM - GMT+00:00

To: Lisa Pratt
171 Topaz
Ozark, MO 65721

From: St. Louis District Office
Robert A. Young Bldg
1222 Spruce St, Rm 8.100
Saint Louis, MO 63103

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2012-01241 | Cynthia S. Basile,<br>Senior Investigator | (314) 539-7907 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| | |
|---|---|
| ☒ | More than 180 days have passed since the filing of this charge. |
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

| | |
|---|---|
| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Cynthia Basile*

JAN 2 2013

Enclosures(s)

*for* James R. Neely, Jr.,
District Director

*(Date Mailed)*

cc: Michael Merrigan
General Counsel
MERCY HOSPITAL
1235 E. Cherokee
Springfield, MO 65804



EXHIBIT

nclosure with EEOC